1

2

3

4              IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8 ENVIRONMENTAL WORLD
WATCH, INC.,                  NO. C05-1799 TEH

9             Plaintiff,

10                       **ORDER GRANTING PLAINTIFF'S**
**MOTION TO REMAND**

11      v.

12 AMERICAN AIRLINES, INC., et al.,

13             Defendants.

14

15        This matter came before the Court on Monday, June 27, 2005, on Plaintiff

16 Environmental World Watch's motion to remand.  After carefully considering the parties'

17 written and oral arguments, relevant case law, and the factual allegations in this case, the Court

18 now GRANTS Plaintiff's motion for the reasons discussed below.

19

20 **BACKGROUND**

21        Plaintiff Environmental World Watch claims that various commercial airlines[1] which

22 regularly operate in California violated California Health and Safety Code Section 25249.6,

23 commonly known as "Proposition 65."  Proposition 65 requires businesses with ten or more

24 employees that operate or sell products in California to provide clear and reasonable warnings

25

26         [1]Defendants in this case are: American Airlines, Inc., Delta Airlines, Inc., Continental
Airlines Inc., Northwest Airlines, Inc., United Airlines, Inc., Virgin Atlantic Airways Limited,
27 Air Canada, Air China, Air France, Air New Zealand, Air Trans Airways, Alaska Airlines, Inc.,
British Airways, Plc., Japan Airlines International Company Ltd., KLM Royal Dutch Airlines,
28 Lufthansa, and Air Wisconsin Airlines Corporation.

1   before knowingly and intentionally exposing a person to certain listed chemicals through a

2   medium other than drinking water.

3           Proposition 65 lightens traditional standing requirements and permits suits brought in

4   the interest of the public.  Both public and private parties who provide statutory notice of an

5   intent to sue at least sixty days before filing suit may sue alleged violators of Proposition 65

6   "in the public interest" even in the absence of any personal or individualized losses.  Cal. Code

7   Regs. tit. 11, § 3000.

8            In a single cause of action, Plaintiff's complaint alleges that Defendants caused

9   environmental exposure (to airport visitors and other individuals) and occupational exposure

10  (to airline employees) from aircraft emissions containing carcinogens and reproductive toxins

11  identified in Proposition 65 without providing warnings required by the statute.  Plaintiff has

12  admittedly sustained no injury and is bringing this matter as a private attorney general, on

13  behalf of the general public.  Dunlap Decl. ¶ 2.[2]

14          This lawsuit was originally filed in San Francisco Superior Court on March 24, 2005.

15  Subsequently, a single Defendant, Air New Zealand, removed the entire action to federal court

16  pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330 and 1441(d).

17  Plaintiff does not contest that Air New Zealand is a foreign sovereign.  Instead, Plaintiff argues

18  that this Court lacks subject matter jurisdiction due to a defect in standing, and that the entire

19  action must therefore be remanded to state court.  Only Defendant Air New Zealand opposes

20  Plaintiff's motion for remand.

21

22  **LEGAL STANDARD**

23          If, at any point prior to final judgment, a federal court determines that it lacks subject

24  matter jurisdiction over a case that was removed from state court, the court shall remand the

25  case back to state court.  28 U.S.C. § 1447(c).  The removing party has the burden of showing

26  that the action properly belongs in federal court.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

27  _____

28          [2]Defendant Air New Zealand does not contest that Plaintiff has suffered no injury.

United States District Court

For the Northern District of California

1  Cir. 1992).  Moreover, federal courts must "strictly construe the removal statute against

2  removal jurisdiction." *Id.*

3

4  **DISCUSSION**

5  ***Motion To Remand***

6          The general rule is that a cause of action may be removed to federal court only if it

7  could have been brought originally in federal court.  *Teledyne v. Kone*, 892 F.2d 1404, 1407

8  (9th Cir. 1989).  Defendant Air New Zealand argues that removal to federal court was proper

9  because the FSIA provides district courts with original jurisdiction over "any nonjury civil

10 action against a foreign state . . . with respect to which the foreign state is not entitled to

11 immunity."  28 U.S.C. § 1330.  It appears that Defendant Air New Zealand is a foreign state

12 within the meaning of 28 U.S.C. § 1603, and Plaintiff does not contest this point.

13         The FSIA codifies a restrictive theory of sovereign immunity.  *Verlinden B. V. v.*

14 *Central Bank of Nigeria*, 461 U.S. 480, 488 (1983).  Pursuant to § 1604, a foreign state is

15 normally immune from the jurisdiction of federal and state court, subject to a set of

16 exceptions specified in §§ 1605 and 1607.  *Id.*  A sovereign is not immune for actions based

17 upon commercial activities carried on in the United States.  28 U.S.C. § 1605(a)(2).  The

18 subject matter jurisdiction granted to the district courts by the FSIA is federal question

19 jurisdiction.  *Verlinden*, 461 U.S. at 493-494.  Further, the FSIA does not create an

20 independent cause of action.  15 *Moore's Federal Practice* § 104.4 (2005).

21         Congress drafted a specific subsection of the removal statute to deal with foreign

22 sovereigns.  28 U.S.C. § 1441(d).  Section 1441(d) states that "any civil action brought in State

23 court against any foreign state . . . may be removed by the foreign state."  *Id.*  The Ninth Circuit

24 has noted that Congress specifically drafted § 1441(d) to exempt foreign sovereigns from

25 some generally applicable rules of removal.  *Teledyne*, 892 F.2d at 1409.  "Ordinarily, a case

26 may not be removed (1) if any defendant objects, or (2) in cases where jurisdiction is founded

27 on diversity of citizenship, if any defendant is a citizen of the state in which the action was

28 brought.  Under the FSIA, these restrictions do not apply."  *Id.* (internal citations omitted).

*United States District Court*
For the Northern District of California

3

United States District Court

For the Northern District of California

In the instant case, Defendant Air New Zealand contends that removal pursuant to the FSIA grants the Court subject matter jurisdiction. *Verlinden*, 461 U.S. at 493-494; *Eie Guam Corp. v. Long Term Credit Bank of Japan*, 322 F.3d 635, 647 (9th Cir. 2003). While Defendant correctly notes that actions removed under the FSIA "arise under" Article III, Defendant's analysis is incomplete. *Id.* Although the FSIA presents federal question jurisdiction in a suit against a foreign sovereign engaged in commercial activity, compliance with the statute does not necessarily satisfy all aspects required for a federal court to have jurisdiction. While the FSIA can provide a basis to overcome statutes that narrow the scope of federal jurisdiction under Article III, a congressional statute cannot form the foundation to supersede a constitutionally imposed jurisdictional requirement. *Verlinden*, 461 U.S. at 491.

Defendant Air New Zealand asserts that this Court should adjudicate the entire action – claims against both sovereign and non-sovereign Defendants – because foreign sovereigns are entitled "an absolute right to a federal forum." *Teledyne*, 892 F.2d at 1409. Indeed, the Ninth Circuit noted that "at the very least, § 1441(d) expresses an intention to give sovereign foreign defendants an absolute right to a federal forum coupled with an unusually strong preference for the consolidation of claims." *Id.* However, the authority granted to federal courts under the FSIA and § 1441(d) must still fall within the scope of the Constitution because "Congress may not expand the jurisdiction of the federal courts beyond the bounds established by the Constitution." *Verlinden*, 461 U.S. at 491. Defendant Air New Zealand never addresses the tension between the FSIA's grant of subject matter jurisdiction and Plaintiff's apparent lack of standing to pursue the action in this Court.

Although § 1441(d) provides a basis for removing "any civil action,"         this broad authority refers more to statutory barriers to jurisdiction, such as the limitations of supplemental jurisdiction, complete diversity, or notice for removal. *Teledyne*, 892 F.2d at 1409; *Eie Guam Corp*., 322 F.3d at 649 (noting that the timing for notice of a removal pursuant to § 1446(b) may be enlarged at any time for cause shown by a foreign state). Although Congress may have intended to give foreign sovereigns a right to a federal forum,  the

1   breadth of "any civil action" in § 1441(d) must still fall within the constitutional grant of

2   authority to federal courts.  *See Verlinden*, 461 U.S. at 491; *Teledyne*, 892 F.2d at 1409.

3          Federal courts are courts of limited jurisdiction and the outer bounds of their authority

4   are determined by Article III of the Constitution.  *Verlinden*,  461 U.S. 480, 491 (1983).

5   Under Article III, a federal court may only hear matters arising out of a case or controversy,

6   and standing "is an essential and unchanging part of the case-or-controversy requirement of

7   Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Bender v.*

8   *Williamsport Area School District*, 475 U.S. 534, 541-543 (1986) (holding that standing is an

9   integral component of subject matter jurisdiction).

10          Further, the Supreme Court has established that the "irreducible constitutional

11   minimum" of standing contains three elements.  *Lujan*, 504 U.S. at 560.  First, the plaintiff

12   must have suffered an "injury in fact" -- an invasion of a legally protected interest which is

13   "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Id.*

14   Second, there must be a causal connection between the injury and the conduct complained of;

15   the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . .

16   the result [of] the independent action of some third party not before the court."  *Id.*  Third, it

17   must be "likely," that the injury will be "redressed by a favorable decision."  *Id.* at 561.  If a

18   plaintiff's claim is deficient with respect to any of these three elements, the plaintiff lacks

19   standing and no federal court has jurisdiction to hear the claim.  Since Plaintiff admittedly has

20   suffered no "injury in fact," this Court has no authority to hear the claim because it does not

21   fall within in the scope of authority granted to it by Article III of the Constitution.

22          Plaintiff properly commenced this action in state court because Proposition 65 eases

23   state standing requirements by permitting suits brought in the public interest.  Cal. Code Regs.

24   tit. 11, § 3000.  However, Proposition 65's expanded conception of standing has no authority

25   to alter the scope of federal jurisdiction.  *Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983).

26   As the Ninth Circuit noted in *Fiedler*, while having "extensive . . . power to create and define

27   substantive rights, the states have no power directly to enlarge or contract federal jurisdiction."

28   *Id.*  The Ninth Circuit noted that actions brought pursuant to a Hawaii statute, which permitted

1   suit by a private attorney general to enforce federal statutes, lacked standing if brought in

2   federal court when the federal statute itself did not provide for a private right of action. *Id.* at

3   79-80.  Similarly, under a Proposition 65 case brought by a private attorney general which was

4   removed on the basis of diversity, a California district court remanded the case, noting that it

5   lacked subject matter jurisdiction because the injury requirement was not met.  *Toxic Injuries*

6   *Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 953-954 (C.D. Cal. 1999).  Further, other

7   California district courts, including one in the Northern District of California, have held that a

8   state-created statutory right to act as a private attorney general does not confer injury on the

9   plaintiff sufficient to satisfy federal standing requirements.  *E.g.*, *As You Sow v. Sherwin-*

10  *Williams Co.*, 1993 U.S. Dist. LEXIS 18310, *6  (N.D. Cal. Dec. 27, 1993) (holding that a

11  state-created statutory right to act as a private attorney general, under Proposition 65, does not

12  confer injury on the plaintiff sufficient to satisfy federal standing requirements).

13      Moreover, the FSIA, a congressional statute, cannot provide a basis to circumvent

14  Plaintiff's lack of standing.  *Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 929

15  (N.D. Cal. 1992).  The district court in *Mangini* noted that Congress may, by legislation,

16  "expand standing to the full extent permitted by Art. III, thus permitting litigation by one 'who

17  otherwise would be barred by prudential standing rules.'"  *Id.*[3]  However, under no

18  circumstances can Congress "abrogate the Art. III minima."  *McMichael v. County of Napa*,

19  709 F.2d 1268, 1270  (9th Cir. 1983).  Therefore, even if Congress intended to grant foreign

20  sovereigns broad authority to remove pursuant to the FSIA, the FSIA cannot provide a

21  foundation to trump the "injury in fact" requirement.  In the instant case, Plaintiff has no

22  standing to be in federal court because it has suffered no injury.  Thus, despite the broad power

23  _____

24      [3]The prudential limitations of standing are not at issue in this case.  However, the Ninth
    Circuit has recognized at least three prudential limitations on standing.  *McMichael v. County*
25  *of Napa*, 709 F.2d 1268, 1270  (9th Cir. 1983).  First, the plaintiff must assert his own rights
    and cannot rest his claim to relief on the legal rights or interests of third parties.  *Id.*  Second,
26  the plaintiff's injury must not be shared in substantially equal measure by all or a large class of
    citizens rendering it a generalized grievance not normally appropriate for judicial resolution.
27  *Id.*  Third, the plaintiff's injury must arguably be within the zone of interest to be protected or
    regulated by the statute or constitutional guarantee in question.  *Id.*  These requirements limit
    the scope of federal jurisdiction further than what the Constitution would permit.  *Id.*

28

United States District Court
For the Northern District of California

1  to remove held by Air New Zealand as a foreign sovereign, this Court lacks subject matter

2  jurisdiction over the case.

3       Section 1447(c) expressly states that a federal court shall remand a case back to state

4  court if at any point prior to final judgment the court determines that there is a defect in

5  subject matter jurisdiction.  28 U.S.C. §1447(c).  Defendant Air New Zealand posits that

6  Plaintiff's failure to cite authority on point that indicates a case removed under the FSIA must

7  be remanded if it fails to present an Article III case or controversy is fatal to Plaintiff's

8  motion.  However, the burden falls on the removing party to show that the Court has

9  jurisdiction.  *Gaus*, 980 F.2d at 566.  Defendant Air New Zealand has not directly addressed

10  this Court's lack of standing and has failed to demonstrate that assuming subject matter

11  jurisdiction under the FSIA does not violate Article III where there is no case or controversy

12  between the parties.  Since this Court lacks subject matter jurisdiction over all Defendants,

13  including Air New Zealand, because of the defect in standing, the proper procedure is to

14  remand this action back to San Francisco Superior Court.[4]

15

16  ***Attorney Fees***

17       The remaining issue is whether the Court shall award attorney fees and costs under

18  § 1447(c).  An order remanding a case to state court "may require payment of just costs and

19  actual expenses, including attorney fees, incurred as result of removal."  28 U.S.C. § 1447(c).

20  A district court may exercise its discretion to award fees and costs even absent a finding of bad

21  faith on the part of the removing party.  *Moore v. Permanente Medical Group, Inc.*, 981 F.2d

22  443, 448 (9th Cir. 1992).  A district court's award of attorney fees and costs under § 1447(c)

23  is reviewed for abuse of discretion.  *K.V. Mart Co. v. United Food and Commercial Workers*

24  *Int'l Union, Local 324*, 173 F.3d 1221, 1223 (9th Cir. 1999).  Where removal involves

25

26  ───────────────

27  [4]Thus, the Court need not consider the remaining issues raised by the parties: e.g.,
   whether this Court should retain jurisdiction over all Defendants, or consider the various
   issues raised in Defendants' motions to dismiss, if jurisdiction over Air New Zealand were

28  proper.

**United States District Court**
For the Northern District of California

1   complicated issues, and is not frivolous or improper, an award of attorney fees is unwarranted.

2   *Toxic Injuries Corp.*, 57 F. Supp. 2d at 957-958.

3          In *Toxic Injuries Corp.*, the district court refused to award attorney fees to a private

4   attorney general suing under Proposition 65 when the action was improperly removed to

5   federal court on the basis of diversity.  *Id.*  There, although plaintiff had sent defendant a

6   lengthy letter noting why removal was improper despite the presence of diversity, neither the

7   Supreme Court nor the Ninth Circuit had addressed the issue.  *Id.*  The district court held that,

8   "[d]efendant's removal was not so obviously barred as to warrant an award."  *Id.* at 958.

9          In this case, there is no evidence that Defendant Air New Zealand acted in bad faith in

10  removing this action.  While Plaintiff correctly notes that attorney fees may be awarded for an

11  improper removal even in the absence of bad faith, the decision is still within the discretion of

12  the Court.  *Moore*, 981 F.2d at 448.  There is no authority specifically dealing with the injury

13  requirement and the FSIA.  Neglecting the defect in standing, Defendant Air New Zealand met

14  the requirements of the FSIA.  Given the paucity of authority dealing with standing under the

15  FSIA, and following the logic of *Toxic Injuries Corp.*, this Court exercises its discretion to

16  DENY Plaintiff's request for attorney fees.

17

18  **CONCLUSION**

19         Removal of this action was improper because this Court lacks subject matter

20  jurisdiction.  Plaintiff has no standing to sue in federal court because it has not met the injury

21  requirement.  Thus, this case presents is no Article III "case or controversy."  Although the

22  FSIA provides a basis for foreign sovereigns to remove actions against them to federal court, a

23  Congressional statute cannot abrogate the limitations imposed on this Court by the

24  Constitution.  Moreover, a state statute cannot enlarge the scope of federal jurisdiction.

25  Defendant Air New Zealand has not shown why the application of subject matter jurisdiction

26  under the FSIA does not violate Article III where there is no case or controversy between the

27  parties.  Since this Court lacks subject matter jurisdiction over the entire action, the proper

28  procedure is to remand the case back to San Francisco Superior Court under § 1447(c).

Accordingly, with good cause appearing, Plaintiff's motion to remand is GRANTED, and the Clerk shall close the file.

IT IS FURTHER ORDERED that Plaintiff's motion for attorney fees is DENIED. This is a complex issue and there is no authority on point. Thus, the Court finds it appropriate to exercise its discretion to deny Plaintiff's request for fees even though removal was improper.

**IT IS SO ORDERED.**

DATED ____08/03/05____                    _____/s/_____
                                          THELTON E. HENDERSON, JUDGE
                                          UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California