IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL WORLD WATCH, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINES, INC., et al.,<br><br>　　　　　Defendants. | NO. C05-1799 TEH<br><br>ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) |

　　　　In this suit, Plaintiff Environmental World Watch claims that various commercial airlines, including Defendant Air New Zealand ("Air NZ"), violated California Health and Safety Code Section 25249.6, commonly known as Proposition 65. Proposition 65 requires clear and reasonable warnings before knowingly and intentionally exposing a person to certain listed chemicals through a medium other than drinking water. Plaintiff admits that it suffered no injury and instead brings this case on behalf of the general public. *See* Cal. Code Regs. tit. 11, § 3000 (allowing Proposition 65 suits by private parties "in the public interest").

　　　　Plaintiff filed suit in San Francisco Superior Court on March 24, 2005. Air NZ subsequently removed the action to this Court, claiming the right to remove under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1441(d). Plaintiff moved to remand the case based on Plaintiff's lack of standing. On August 3, 2005, this Court issued an order agreeing with Plaintiff's position and remanding the case to San Francisco Superior Court. The Clerk of this Court submitted certified copies of the remand order and other docket entries to the state court on August 4, 2005. On August 16, 2005, the Court received an acknowledgment

United States District Court
For the Northern District of California

1  that the San Francisco Superior Court had received the certified copies.  Air NZ now seeks

2  reconsideration of the Court's remand order or, alternatively, certification of the remand order

3  for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

4  However, in its moving papers, Air NZ continues to fail to address the issue presented

5  by Plaintiff's motion – namely, Plaintiff's lack of standing to sue in federal court.  As the

6  Court explained in its remand order, "compliance with the [FSIA] does not necessarily satisfy

7  all aspects required for a federal court to have jurisdiction."  Aug. 3, 2005 Order Granting Pl.'s

8  Mot. for Remand at 4.  Instead, Article III of the Constitution only grants this Court

9  jurisdiction to hear matters arising out of a case or controversy, which requires a plaintiff to

10 have standing to sue.  *Id.* at 5.  Standing, in turn, requires a plaintiff to have suffered an "injury

11 in fact."  *Id.*  Although Proposition 65 created a right for private parties to sue in California

12 state court without having suffered any injury, a state statute cannot enlarge federal jurisdiction

13 to include such suits.  *Id.*  Thus, because Plaintiff in this case has suffered no injury in fact, it

14 lacks standing to sue in federal court.  As a result, this Court had no alternative but to remand

15 the case for lack of subject matter jurisdiction.

16 Contrary to Air NZ's contentions, this Court did not remand the case because it found

17 the FSIA to be unconstitutional.  Instead, the Court merely explained that the FSIA cannot be

18 read in a vacuum and must be read in conjunction with all other requirements for federal

19 jurisdiction.  Even if Air NZ would otherwise have had the right to remove under the FSIA, it

20 cannot do so where, as here, Plaintiff lacks standing.  *Cf. Toxic Injuries Corp. v. Safety-Kleen*

21 *Corp.*, 57 F. Supp. 2d 947, 952-55 (C.D. Cal. 1999) (concluding, in a Proposition 65 case

22 removed under diversity jurisdiction, that the case must be remanded because the plaintiff

23 lacked standing).

24 In short, as the Court explained in its remand order, the Court lacks jurisdiction to hear

25 this case.  Consequently, it remanded the case pursuant to 28 U.S.C. § 1447(c).  As Air NZ

26 acknowledges, orders remanding a case for lack of subject matter jurisdiction under this

27 section are not reviewable on appeal, nor may the district court reconsider such orders once it

28 has certified the remand order to state court.  28 U.S.C. § 1447(d); *Seedman v. U.S. Dist.*

1  *Court*, 837 F.2d 413, 414 (9th Cir. 1988).  Accordingly, this Court is without jurisdiction to
2  reconsider its remand order or to grant a certificate for interlocutory appeal.[1]
3       Moreover, even if this Court had jurisdiction, it would deny Air NZ's request for leave
4  to file a motion for reconsideration because Air NZ has failed to establish that there has been a
5  material change in fact or law, or that there was a "manifest failure by the Court to consider
6  material facts or dispositive legal arguments which were presented to the Court."  Civ. L.R.
7  7-9(b) (discussing requirements for motions for leave to file a motion for reconsideration).
8  Air NZ disagrees with the Court's ruling, but it has not met the standard for allowing a motion
9  for reconsideration.
10      For all of the above reasons, Air NZ's motion is DENIED.  This Court finds no good
11 cause to allow a motion for reconsideration and, moreover, the Court has been divested of
12 jurisdiction in this case because the remand was based on lack of subject matter jurisdiction
13 and the remand order has already been certified to state court.

**IT IS SO ORDERED.**

DATED   08/24/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The cases cited by Air NZ in support of its motion are all distinguishable. *See Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1165 (9th Cir. 1998) (remand order reviewable where district court used discretion to decline to exercise jurisdiction pursuant to the Declaratory Judgment Act); *Maui Land & Pineapple Co. v. Occidental Chemical Corp.*, 24 F. Supp. 2d 1083, 1085-86 (D. Haw. 1998) (same); *Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 159 (3d Cir. 1998) (same where district court remanded case after declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)); *In re Digicon Marine, Inc.*, 966 F.2d 158, 160-61 (5th Cir. 1992) (same where remand was based on failure to comply with removal statute, as opposed to lack of subject matter jurisdiction); *In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 836 (3d Cir. 1991) (same where remand was based on unconstitutionality of federal statute and remand order was certified for interlocutory appeal by district court and stayed prior to being certified to state court).